# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

_____

**In re**:
    **CHARLES EVERETT LOUDON,**
             **Debtor.**

Filed & Entered
On Docket
August 21, 2007

Chapter 13 Case
# 07-10194

_____

## ORDER
### DENYING DEBTOR'S MOTION TO QUASH
### AND ENJOINING THE UNITED STATES FROM USING INFORMATION FROM THE SUBPOENA
### UNTIL THE MOTION FOR A PROTECTIVE ORDER HAS BEEN RESOLVED

On July 24, 2007, the United States (the "Government"), one of the Creditors in this case, served a "Subpoena in a Case under the Bankruptcy Code" on HSBC Bank seeking production of the Debtor's bank records from January 1, 2004 to the present (doc. # 74, Part 3). The Attachment to the Subpoena indicated that the Government sought "[a]ll records" pertaining to a particular account and accounts in the name of the Debtor and an alias he had previously used (doc. # 74, Part 4). The records sought included, but were not limited to: savings account records, checking account records, loan records, safe deposit box records, certificates of deposit and money market certificates, U.S. Treasury notes and bills, credit card records; purchases of bank checks; and other records. (Id.) The Subpoena stated that the information was being sought "for the purpose of investigating whether [the Debtor has] fully disclosed all of [his] assets as required by 11 U.S.C. § 521 in the above captioned Chapter 13 case" (doc. # 74, Part 1).

On July 31, 2007, the Debtor filed a motion to quash the subpoena (doc. # 83). He stated that he was a customer of HSBC Bank, but that "[t]he information sought has in substantial measure been provided to the United States Attorney's Office prior to and/or at the 2004 examination held on July 13, 2007" (Id.) The Debtor also observed that the Notice of Subpoena for Documents indicated that "These records may be transferred to other governmental authorities for legitimate law enforcement inquiries, in which event you will be notified after the transfer." (Id., quoting doc. # 74, Part 1). He commented that he had filed a Motion for a Protective Order in this case (doc. # 70) and wished "to apply such order prospectively to the subpoena being sought" (doc. # 83).

The Government opposed the Debtor's motion to quash (doc. # 85). In the Background Information section of the motion, the Government cites two instances where the Debtor had some relationship with HSBC Bank. First, the Government asserts that the Debtor's 2006 tax return, filed electronically in March, 2007,

>  reflects a routing number assigned to HSBC Bank and an account number for a checking account. According to the IRS' records, the Debtor's tax refund, in the amount of $4400.00, was deposited into that checking account at HSBC Bank at approximately the same time the Debtor filed his bankruptcy case. The Debtor appears to have had an active banking relationship – a checking account – with the HSBC Bank at the time he filed his bankruptcy petition.

(doc. # 85 p. 2). Second, the Government points to HSBC Bank having filed two proofs of claim in this case concerning credit card debts owed it by the Debtor. (Id.). While the Bank failed to include supporting documentation describing those debts, the Government surmises that those accounts were more recent than 2004. Importantly, for the purpose of opposing the motion to quash, the Government points out that neither the Debtor's bankruptcy petition nor his statement of financial affairs disclosed any accounts of any kind held by the Debtor at HSBC Bank or any debts he owed to the Bank. (Id.)

Citing the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401 et seq., the Government notes that, under that statute, a bank customer may challenge a subpoena if (1) the notice requirements in § 3407 were not met (inapplicable here) or (2) if "the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice." 12 U.S.C. § 3410(a)(2). With regard to the second ground for challenging a subpoena, the Government claimed that the Debtor's "substantial compliance" assertion was "wholly inaccurate" because the "Debtor failed to produce any documents concerning any accounts with HSBC Bank at the 2004 Examination. During the Rule 2004 examination, the Debtor produced bank statements from three banks. However, none of these bank statements were for accounts at the HSBC Bank" (doc. # 85 p. 6).

Pursuant to the RFPA, a Court may quash a subpoena under the following circumstances:

>  If the court finds that the applicant is the customer to whom the records sought by the Government authority pertain, and that there is not a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, or that there has not been substantial compliance with the provisions of this chapter, it shall order the process quashed or shall enjoin the Government authority's formal written request.

12 U.S.C. § 3410(c).

Here, the Debtor admits that he is the "customer to whom the records sought by the Government authority pertain" (doc. # 83). He does not assert that the Government failed to comply with the provisions of the RFPA. Rather, his protest is that he has already "provided the information sought in substantial measure" thus putting into question whether the Government's continuing demand for these records is legitimate and is authorized by § 3410(c) as a proper law enforcement inquiry.

The statute defines "law enforcement inquiry" as "a lawful investigation or official proceeding inquiring into a violation of, or failure to comply with, any criminal or civil statute or any regulation, rule, or order issued pursuant thereto." § 12 U.S.C. § 3401(8). The Government maintains that it is seeking the

2

information set forth in the subpoena and its attachment in order to determine "whether [the Debtor has] fully disclosed all of [his] assets as required by 11 U.S.C. § 521 in the above captioned Chapter 13 case." The Court finds this to constitute an inquiry into a violation of, or failure to comply with, a "civil statute," since it focuses on a debtor's obligation to fully disclose his assets and liabilities under the Bankruptcy Code. See 11 U.S.C. § 521(a). Additionally, the Government's inquiry relates to the Debtor's failure to comply with a prior Order authorizing a 2004 Examination of the Debtor (doc. # 68), where the Court ordered the Debtor to produce for inspection and copying at the 2004 Examination a list of "all financial institutions, with account numbers, with which he held an account from January 1, 2002 to the present, along with a copy of all monthly or periodic statements from such accounts. This request seeks documents and information relating to accounts held by the Debtor in whatever capacity . . ." (Id.). The Government's inquiry "easily qualifies as a legitimate law enforcement inquiry, even though that inquiry is being conducted in the context of bankruptcy." In re Porras, 191 B.R. 357, 364 (Bankr. W.D. Tex. 1995). Accordingly, the Court denies the Debtor's motion to quash.

However, that is not quite the end of the inquiry here. At the July 10, 2007 hearing in this case, the Debtor sought a stipulation that any information elicited in his bankruptcy case would not be used by the Government in any other proceedings. The Government refused to enter into such a stipulation. The Court made an oral ruling stating that it would temporarily impose an injunction on the use of information elicited in the bankruptcy case, on condition that the Debtor file a formal motion for a protective order; and indicated that it would promptly thereafter issue a final decision on that request for relief. The Debtor subsequently filed a motion for a protective order (doc. # 70), which the Government opposed (doc. # 80). Shortly thereafter, the Government filed a motion for a partial withdrawal of reference, asking that the motion for protective order, as well as two other outstanding motions, be decided by the U.S. District Court (doc. # 84). The motion for partial withdrawal of reference has not yet been heard by the District Court.

In spite of this Court's oral ruling at the July 10, 2007 hearing that the Government could not use any information gleaned in the bankruptcy case in any other proceedings, the Government's Notice of Subpoena provides that "These records may be transferred to other government authorities for legitimate law enforcement inquiries. . ." (doc. # 74, Part 1). This Court's oral ruling prevents such transmittal until the motion for protective order is resolved by the District Court. Therefore, the Government is enjoined from transmitting such information to other Government authorities until the motion for a protective order is resolved.

It is hereby ORDERED that the Debtor's motion to quash is DENIED, and that the Government is enjoined from transmitting any information gleaned from the subpoena to other Government authorities until the motion for a protective order is resolved.

SO ORDERED.

August 21, 2007                          Hon. Colleen A. Brown
Rutland, Vermont                  United States Bankruptcy Judge