# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

In re:

CHARLES EVERETT LOUDON,
         Debtor.

Filed & Entered
On Docket
January 17, 2008

Chapter 7 Case
# 07-10194

## ORDER
### DENYING DEBTOR'S MOTION TO APPEAR AT § 341 MEETING BY INTERROGATORY AND WITHDRAWING ORDER TO SHOW CAUSE FOR FAILURE TO PAY CONVERSION FEE

On December 24, 2007, counsel for the Debtor filed a motion seeking an Order from the Court allowing the Debtor to submit interrogatories under oath in lieu of appearing in person at the § 341 meeting (doc. # 153). Counsel stated that the relief was necessary because the Debtor was currently incarcerated, and securing release and transportation to the § 341 meeting would pose insuperable difficulties. (Id.). The chapter 7 trustee (the "Trustee") objected to the Debtor's application, arguing he had

> been informed of, and ha[d] independently located information, that this case is not a simple case, and that the Debtor's financial affairs are, in fact, the underlying reason by which he is presently incarcerated, while waiting trial, which information relative to such financial affairs will not only relate to determination of whether they may be both unscheduled assets or liabilities, but whether the Debtor is entitled to a discharge pursuant to 11 U.S.C. §727.

(doc. # 166, ¶ 3). The Trustee also expressed concern that "even if the Debtor is present and available for examination, that in view of the pending criminal proceeding, the Debtor may, will or should be reluctant to respond to the Trustee's inquiries." (Id. at ¶ 4). The Trustee noted in his opposition that the Debtor had failed to appear at the initial meeting of creditors on January 2, 2008; the meeting had been re-scheduled to February 6, 2008; and (as is his custom and practice) he would seek dismissal of the case if the Debtor does not appear at the rescheduled § 341 meeting. (Id. at ¶ 5).

On January 4, 2008, the Court issued an Order to Show Cause why the Debtor's chapter 7 case should not be dismissed based upon the Debtor's failure to pay the $25.00 conversion fee due within fifteen days of the December 4, 2007 conversion order (doc. # 165). Both the motion to appear by interrogatories and the Order to Show Cause were scheduled for hearing on January 15, 2008.

At the hearing, the Court heard arguments from Debtor's counsel in support of the Debtor fulfilling his § 341 examination through written interrogatories, as well as the Trustee's arguments in opposition to the request for a waiver of the Debtor's appearance at the § 341 meeting. The Trustee reiterated many of the points he had made in his papers, stressing that this was a complex case and that, given the

Debtor's incarceration relating to financial matters, he envisioned multiple back and forth rounds of questions being necessary for him to complete the examination. The Trustee viewed that procedure as defeating the rationale underlying appearance by interrogatory, and was convinced it would make it more time consuming (and hence expensive) for him to perform his fiduciary duties as Trustee in this case. The Government appeared and joined in the Trustee's objection to the Debtor's motion.

The Court denied the Debtor's motion to appear by interrogatories, and enters this Order to articulate its rationale. The pertinent statute, 11 U.S.C. § 343, provides that "[t]he debtor shall appear and submit to examination under oath at the meeting of creditors under section 341(a). . ." (emphasis added). The rule, then, is that the debtor must appear in person at the meeting; if the debtor cannot appear, he or she must provide a very good reason to support a waiver of the obligation established under § 343 of the Code. Since this Court views appearance at a § 341 meeting as an essential *quid pro quo* to a discharge of debts, it has historically granted waivers only for good cause shown and upon the case trustee's consent. The controlling local rule makes that clear:

> Meeting of Creditors & Equity Security Holders
>
> (a) Waiver of Debtor's Appearance. On motion by or on behalf of a debtor, setting forth an adequate showing of exigent circumstances, and with the written consent of the case trustee, the Court may excuse or otherwise waive a debtor's attendance at a duly noticed § 341 meeting of creditors on such terms as approved by the case trustee. This motion does not require a hearing.

VT. LBR 2003-1 (emphasis added). In according significant deference to the Trustee's judgment, the Court is persuaded that in this case the Trustee will not be able to fulfill his fiduciary duties in an effective and comprehensive manner without the Debtor's in-person participation at a meeting of creditors. Ultimately, the burden is on the Debtor to persuade the Court that there are exigent circumstances warranting a waiver of appearance and that no prejudice to the Trustee or estate that would result if he did not appear at the § 341 meeting. While being incarcerated might typically constitute the exigent circumstances required by our local rule, the other requirement is that the Trustee consent, and here the Court finds the Trustee has good reason for withholding his consent, and the Debtor has failed to meet his burden, considering the totality of the circumstances. Therefore, the Court sustains the Trustee's objection and denies the Debtor's motion.

With regard to the Debtor's failure to pay the conversion fee, the Debtor's counsel informed the Court that the Chapter 13 Trustee had sent him a $500 check, representing undistributed receipts the Chapter 13 Trustee had collected from the Debtor prior to conversion of the chapter 13 case to chapter 7. Counsel stated that he would, forthwith, send the $25 conversion fee from his trust account, per his client's instructions. Accordingly, and based upon that representation, the Court withdraws the Order to Show Cause for failure to pay the conversion fee.

Therefore, IT IS HEREBY ORDERED that the Debtor's motion to appear at § 341 meeting by interrogatories is denied.

IT IS FURTHER ORDERED that the Order to Show Cause based upon the Debtor's failure to pay the conversion fee is withdrawn.

SO ORDERED.

| | |
|---|---|
| | _____ |
| Rutland, Vermont | Colleen A. Brown |
| January 16, 2008 | United States Bankruptcy Judge |

3